IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Ajamu Sawandi Osborne, #35188-083, ) | |
| ) | Civil Action No. 8:04-2368-MBS-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Patricia Jones and Michael Murphy, ) | |
| ) | |
| Defendants. ) | |
| ) | |

        The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on a motion to dismiss or, in the alternative, for summary judgment filed by the defendants.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**PROCEDURAL BACKGROUND**

        The record reveals that at the time of the incident at issue here, the plaintiff was incarcerated at the Federal Correctional Institution (FCI) at Estill, South Carolina. He is serving a 192-month term of incarceration imposed by the United States District Court for the Eastern District of Virginia for the offenses of possession with intent to distribute cocaine base, and aiding and abetting. He has a projected satisfaction date of November 19, 2012, via good conduct time release.

Defendant Jones is a correctional counselor at FCI Estill. Defendant Murphy is currently employed as a special investigative agent at a federal prison at California; at the time of the alleged incident at issue here, he was employed as a correctional supervisor at FCI Estill.

The plaintiff has filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants violated his constitutional rights by providing false statements and false documents against him. As relief, the plaintiff asks that each defendant be fined $50,000 and that the plaintiff be awarded damages from each defendant in the amount of $50,000. The plaintiff filed his complaint on July 20, 2004. He filed an amended complaint on August 24, 2004. On November 9, 2004, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed November 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the defendants' motion. The plaintiff filed a response to the defendants' motion on December 21, 2004.

## **FACTUAL BACKGROUND**

The plaintiff claims that while he was incarcerated at FCI Estill, he submitted a grievance form stating that he had received a money order in the mail that was never credited to his account and that he retained possession of the actual money order itself. He states that he was told to turn the money order over but he never received a response to his grievance. He alleges that the defendants then filed false reports indicating that the plaintiff had lied about the circumstances surrounding the money order. An incident report was filed charging the plaintiff with Lying to Staff and Possession of Anything not Authorized. The plaintiff claims these charges were brought against him only because he

2

filed a grievance to complain about the mishandling of the money order. The plaintiff states that after he filed a grievance against the two defendants, "the false charges [were] dropped against him and soon thereafter the money in question was finally credited to his account" (am. comp. at 6). The plaintiff alleges that the action of the defendants "was a wanton act of cruelty, which was brutal, despite the fact that it resulted in no measurable physical injury to the pro-se plaintiff" (am. comp. at 8).

## **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

3

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

### *Subject Matter Jurisdiction*

Federal subject matter jurisdiction may lie against individual federal officials for violations of the constitutional rights of individuals. *See* 28 U.S.C. §1331 (2004); *Bivens*, 403 U.S. 388 (1971). However, *Bivens* actions are available only where the conduct alleged rises to the level of a constitutional violation. *Siegart v. Gilley*, 500 U.S. 226, 232 (1991). In this case, the plaintiff has failed to allege any facts to support a constitutional claim against any of the defendants in their *individual* capacities. Rather, the acts complained of by the plaintiff were acts carried out by the defendants in their official capacities. Accordingly, this court lacks jurisdiction to consider the action under *Bivens*.

To the extent the plaintiff seeks to sue the defendants in their official capacities, however, the plaintiff is, in fact, suing the United States government. The United

States, its departments, and its agencies cannot be sued without its express consent, and express consent is a prerequisite to jurisdiction. *See Radin v. United States*, 669 F.2d 681, 684 (4th Cir. 1984). The plaintiff does not allege – and the defendants do not concede – that there has been a waiver of sovereign immunity in this action. Accordingly, the plaintiff has failed to establish that this court can exercise jurisdiction over his claims against these defendants. The defendants are thus entitled to summary judgment in this case.

Out of an abundance of caution and in light of the requirement that the court must liberally construe *pro se* pleadings, holding them to less stringent standards than those drafted by attorneys,[1] the court will address the merits of the plaintiff's asserted claims.

### *Right of Access Claim*

Construing the plaintiff's claim liberally, he alleges that his constitutional right of access to the courts has been violated, presumably by the allegedly false statements made by the defendants. Inmates clearly have a constitutionally-protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, in order to state a claim for denial of access to the courts, an inmate must show the alleged actions of the defendants hindered his efforts to pursue a legal claim or remedy. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

The plaintiff here has not shown that he suffered any injury as a result of the alleged denial of access to the court. In fact, the plaintiff admits that he suffered no injury, but claims that if the disciplinary report had not been expunged he would have lost good time credits and possibly would have had to spend more time in administrative segregation. Quite simply, these allegations are not of a constitutional dimension. A disagreement

---

[1] *Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

between a prison guard and an inmate does rise to the level of a constitutional violation. *See Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)("unintended misrouting of a routine money order request is too far afield from state action "used for purposes of oppression"' to constitute a violation of the Due Process Clause"). The plaintiff's claims are merely bald allegations which are insufficient to survive summary judgment. *See White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976)(conclusory allegations insufficient to survive summary judgment).

To the extent that the plaintiff is attempting to state a claim for denial of access to administrative remedies, this claim also fails. Inmates have no constitutional right to an administrative grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Morever, the record shows that the plaintiff was not denied access to the grievance process. If the plaintiff is claiming that he was retaliated against for filing a grievance, he has not shown that he was injured or adversely affected by the alleged retaliatory conduct. Accordingly, this claim is without merit. *See ACLU of Maryland v. Wicomico County, Maryland*, 999 F.2d 780, 785 (4th Cir. 1993)("A showing of adversity is essential to any retaliation claim.").

***Qualified Immunity***

The defendants have also raised the defense of qualified immunity. Qualified immunity protects government officials performing discretionary functions from suits for civil damages arising out of the exercise of their discretionary functions, provided that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right." *Slattery*, 939 F.2d at 216 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Accordingly, ruling on a defense of qualified immunity requires "(1)

identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).[2]

In determining whether the specific right allegedly violated was clearly established, tolerance is accorded in the qualified immunity defense to "'good faith' mistakes of judgment traceable to unsettled law, or faulty information, or contextual exigencies. . . [which] is deliberately designed to give protection to 'all but the plainly incompetent or those who knowingly violate the law.'" *Pritchett*, 973 F.2d at 313 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson,* 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998); *see also Young v. City of Mount Rainier*, 238 F.3d 567,

---

[2] In order to shield officials from both the burdens of litigation as well as liability, establishment of qualified immunity is encouraged at the summary judgment stage. *Pritchett*, 973 F.2d at 313 (citing *Harlow,* 457 U.S. 800, 815-819). However, summary judgment remains appropriate "only if (1) there are no genuine issues of material fact, and (2) on the undisputed facts the defendant as movant is entitled to judgment as matter of law." *Pritchett*, 973 F.2d at 313 (citations omitted). Thus, it is appropriate to consider the third element of a qualified immunity defense (i.e., whether a reasonable officer would have known that his conduct violated a specific right) only if there are no genuine issues of fact with respect to the official's conduct under the circumstances. If issues of fact do exist, summary judgment is inappropriate, and the issue must be reserved for trial. *Pritchett*, 973 F.2d at 313 (citing *Mitchell*, 472 U.S. at 526).

577-78 (4th Cir. 2001) (where court concluded that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights.  Therefore, the defendants are entitled to qualified immunity on these claims.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendants' motion for summary judgment be granted.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

May 27, 2005

Greenville, South Carolina