IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Ajamu Sawandi Osbourne, ) | |
| ) | C/A No. 8:04-2368-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION and ORDER** |
| Patricia Jones and Michael Murphy, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Ajamu Sawandi Osbourne is an inmate in the custody of the Federal Bureau of Prisons. He currently is confined to the United States Prison in Waymart, Pennsylvania. The events underlying his complaint occurred while Plaintiff was confined to the Federal Correctional Institution in Estill, South Carolina (FCI-Estill). At the time of the underlying events, Defendant Patricia Jones was employed by the Bureau of Prisons at FCI-Estill as a correctional counselor.[1] Defendant Michael Murphy was employed by the Bureau of Prisons as a special investigation supervisor at FCI-Estill.[2] Plaintiff, appearing *pro se*, brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging Defendants violated his constitutional rights by "intentionally obstruct[ing] [P]laintiff's constitutional right of access to the courts . . . , [and] by knowingly and willfully making false statements and filing false documents against [him]." Plaintiff's Amended Complaint, 4.

---

[1] A Correctional Counselor is responsible for developing and implementing programs within the unit to meet the individual needs of the inmates including individual and group counseling. Affidavit of Jones in Support of Defendant's Motion for Summary Judgment, 16.

[2] A Special Investigative Agent is responsible for conducting investigations of infractions of the regulations of the Bureau of Prisons occurring within the confines of a prison facility. Affidavit of Murphy in Support of Defendants' Motion for Summary Judgment, 19.

This matter is before the court on Defendants' motion for summary judgment filed on November 9, 2004. By order filed November 15, 2004 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On December 21, 2004, Plaintiff filed a response in opposition to Defendants' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge filed a Report of Magistrate Judge on May 27, 2005 in which she recommended that summary judgment be granted. Plaintiff filed objections to the Report of Magistrate Judge on August 17, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1)(C). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## I. FACTS

The facts are detailed in the Report of Magistrate Judge. Briefly, Plaintiff contends that a

money order was mailed to him in the amount of forty dollars. Plaintiff's Amended Complaint, 4. Instead of processing the money order and crediting it to his account per prison regulations, corrections officials inadvertently delivered the actual money order to Plaintiff through the prison mail system. Plaintiff's Affidavit in Opposition to Summary Judgment, 3. Plaintiff filed an internal grievance alleging the above facts, and was subsequently visited by Defendant Jones, who took possession of the money order. Id. at 4. Defendant Jones, however, believed that Plaintiff was attempting to defraud the prison and reported the incident to prison authorities. Affidavit of Jones in Support of Defendant's Motion for Summary Judgment, 16. Defendant Murphy performed an investigation into the matter and charged Plaintiff with two "prohibited acts" stemming from the money order incident. Affidavit of Murphy in Support of Defendants' Motion for Summary Judgment, 20. However, the incident reports were expunged and the money order was ultimately credited to Plaintiff's account. Plaintiff's Amended Complaint, 6.

Plaintiff contends that the charges "were brought up against [him] simply because he [chose] to exercise his right to complain about the mishandling of the money order." Plaintiff's Amended Complaint, 8. Despite admitting that he has suffered no measurable injury, Plaintiff argues that the actions of Defendants constituted "wanton cruelty" and that "[Defendants] were motivated [by an] 'evil' intent to prolong Plaintiff's sentence." Id.

## II. DISCUSSION

The Magistrate Judge found that Plaintiff failed to "demonstrate that the actions of defendants violated any of his constitutional rights" and consequently held that both Defendants are entitled to qualified immunity. Report of Magistrate, 9. In his objections, Plaintiff states only that he objects "to [the] finding, on page 9 of the report . . . [t]hat plaintiff has failed to demonstrate that

the actions of the defendants violated any of his constitutional rights." Plaintiff's Objection to Report of Magistrate, 3. Plaintiff also objects to several other sentences in the Magistrate's Report but similarly provides no basis for the objections. Id. at 2-3. Notwithstanding that Plaintiff's objections are exactly the sort of general and conclusory objections that the court need not review *de novo*, the court has thoroughly reviewed the Report of Magistrate Judge. The court finds that both Defendants are entitled to qualified immunity.

A court required to rule upon qualified immunity must consider the threshold question whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. Id.

Plaintiff first claims that he was denied access to the courts by Defendants in violation of the Sixth Amendment. Plaintiff's claim is based upon his assertion that his initial grievance concerning the money order wasn't properly handled by prison authorities. As a threshold matter, Plaintiff has no constitutional right to an administrative grievance procedure. Adams v. Rice, 40 F. 3d. 72, 75 (4th Cir. 1994). Therefore, Plaintiff's allegations fail to rise to a level of a constitutional deprivation. In any event, Plaintiff must demonstrate actual injury from alleged denial of access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff does not dispute that the money order was ultimately credited to his account. Plaintiff's Amended Complaint, 6. Plaintiff admits that all charges against him were dropped and that all grievances were resolved in his favor. Plaintiff's Affidavit in Opposition to Summary Judgment, 12. Thus, even if the grievance procedure implicated constitutional concerns, Plaintiff can demonstrate no actual injury from alleged mishandling of his

initial grievance.

Plaintiff next contends that Defendants retaliated against him for filing his initial grievance. "A plaintiff alleging that government officials retaliated against [him] in violation of [his] constitutional rights must demonstrate, inter alia, that [he] suffered some adversity in response to [his] exercise of protected rights." American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993). Plaintiff argues merely that he was "*put in danger* of further loss of liberty" and that the disciplinary charges, if resolved against him, "*would have* extended his sentence." Plaintiff's Amended Complaint, 5 (emphasis added). Plaintiff fails to allege any detriment at the hands of Defendants. Thus, the court finds Defendants are entitled to qualified immunity as they did not violate any rights protected by the constitution. Katz, 533 U.S. at 201.

### III. CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. For the reasons stated therein and in this order, Defendants' motion for summary judgment is **granted** and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
September 7, 2005.

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this**
**order pursuant to Rules 3 and 4 of the Federal Rules of**
**Appellate Procedure.**